# JAMES GREEN for use *against* DANIEL HERN.

### IN ERROR.

To allow a prisoner in execution the liberty of the jail-yard, is not an escape. But taking the yard to be part of the jail, as it doubtless is, an actual escape from it will fix the jailer, who can avail himself of nothing, as matter of defence, but an act of God or of the common enemy.

ERROR to Warren county.

This was action of debt brought by *James Green* for the use of *Benjamin Chamberlin* against *Daniel Hern,* sheriff of Warren county, for an escape.

The plaintiff's evidence fully established the fact, that *Hugh Nesbit* was put into the custody of the defendant, by authority of an execution, issued at the suit of the plaintiff; and that he escaped, by breaking the wall around the jail-yard.

(James Green *v.* William Hern.)

The defendant offered to prove, that the jail and jail-yard of the county were defective, and insufficient to keep prisoners; and to shew, that they had been examined by the grand jury, and presented to the Court as insufficient.

To this evidence the plaintiff objected ; but the Court overruled the objection and received the evidence. Exception was taken by the plaintiff.

The defendant offered to prove a custom or common law in Pennsylvania, that debtors be permitted the use of the jail-yard in day-light.

This was also objected to ; but the objection was over-ruled and exception taken by the plaintiff.

Several points were submitted to the Court by the counsel on the one side and the other, upon which they were requested to charge the jury, the substance of all which was this:—

That if the jury find, that *Hugh Nesbit* was committed to prison, on an execution, at the suit of the plaintiff; and that the sheriff or his jailor suffered him to escape, he is liable for the debt, interest and costs, for which he was committed; and that no deficiency in the strength of the jail will excuse him.

The Court did not answer this affirmatively; but said that the least negligence on the part of the sheriff would make him liable.

The admission of the evidence mentioned in the bills of exception, and the charge of the Court, were assigned as error.

*Galligher* and *Barritt* for plaintiff in error.

It is a well established principle of law, that when a defendant is put into the custody of the sheriff, he is liable for him, until he is legally discharged; not even a forcible rescue would exonerate him from liability. If it was not so, the objects of justice could not be obtained, such a door would be opened to fraud and connivance, that no plaintiff, with all the means in his power, could ever detect.

*Pearson* for defendant in error.

In England the jailor kept his prison where he pleased, he was therefore liable at all events; not so here; for he must take and use the common jail, as he finds it: and has no right to expend even his own money in making it a safe place for prisoners. By the common law of Pennsylvania the jail-yard is a part of the prison; and it was competent for us to prove that custom. *Shewel* v. *Fell, 3 Yeates,* 17.

The opinion of the Court was delivered by

GIBSON, C. J.—To allow a prisoner in execution the liberty of the jail-yard, is certainly not an escape. But taking the yard to

(James Green *v.* William Hern.)

be part of the goal, as it doubtless is, there was an actual escape from it, which according to the common law since the day of *Roll's abridgment*, has uniformly fixed the goalor, who can avail himself of nothing as matter of defence but an act of God or of the common enemy. This is not denied; but it is pressed upon us that the common law is unnecessarily rigorous in this particular, and in some parts of the state unsuitable to the circumstances of the inhabitants. There cannot perhaps be a greater calamity than a disposition in the judges to dispense with or modify the law according to their notions of the exigencies of times and circumstances. It destroys, at once, all confidence in the security of person or property; and that too without even a distant prospect of a return to any system whose principles are known or whose authority is acknowledged. Surely there has been sufficient time since the foundation of the colony for experience to mark the necessary variations from the common law; and even had the colonists started with a new, instead of a mature system, it would be unreasonable to treat the jurisprudence of their descendants, at the end of a century and a half, as still in a state of fusion. It was an express condition of the charter, that the laws should conform, as nearly as possible, to those of the parent country; and accordingly we find but few alterations, and these, for the most part by the legislature. Is it not then too late to begin the work of devastation in order to make room for experiments? Unfortunately a love of novelty is abroad; and it has become the fashion with a class of reformers, to despise the black letter maxims of a system to which their forefathers clung as their best birthright and noblest inheritance! There would be just cause for alarm did the same fashion obtain on the bench.

But conceding the competency of judicial legislation, I am unable to perceive how the edds of justice, or even of convenience, would be better answered by a new rule here. The prisons in the more remote counties being insecure, it is said, sheriffs and goalors would be subjected to an unreasonable risk by being held to the rule of the common law; and for this we have a *nisi prius dictum* of Chief Justice *Shippen* in *Shewel* v. *Fell,* 2 *Yeates*, 21. But in proportion to the insecurity of the goal, ought it not to be the policy of the law to increase the vigilance of the goaler; and would that be effected by decreasing his responsibility? The office of a sheriff is a responsible, but a lucrative one; and I am unable to perceive the justice, more than the policy, of a rule that would require us to lose sight of the creditor's rights in attending to the officer's convenience. Whatever may have been the state of our prisons thirty years ago, they are with an exception or two, as secure as those in other countries; and little would perhaps be gained, even on the score of convenience, by establishing tempora-

(James Green *v.* William Hern.)

ry rules of various degrees of responsibility in different parts of the state. Nothing but the hurry of a trial could have prevented the Chief Justice from perceiving the uncertainty and confusion of such a state of things, and the danger there would be in disturbing a fundamental principle of the common law. Never was remark more just, than that "whenever a standing rule of law, of which the reason perhaps could not be remembered, hath been wantonly broken in upon by statutes or new resolutions, the wisdom of the rule hath in the end appeared from the inconveniences that have followed from the innovation." Here however, the wisdom of the particular rule appears in relief too prominent to be unperceived or forgotten. Is it to be credited that if the checks and restraints of the common law were removed, sheriffs and goalers would be inaccessible to those causes which have made instances of corruption in almost every sort of pecuniary trust so deplorably frequent? Let it be known that the question of liability is to depend on what a jury may deem the proper degree of vigilance, and escapes will be as common in civil as they are in criminal cases. Responsibility will be at an end; and the interest of the creditor, who from the very nature of the case, must be unable to shew negligence or connivance, will be deemed beneath the attention of the goaler, although the disposable force of the county is placed at his command for its protection. No lawyer ever disputed the rule which determines the liability of ferrymen and common carriers; yet the reason of it in regard to these is precisely the same as in regard to the species of bailment under consideration. We are of opinion, then, that the Court erred in receiving evidence of the insufficiency of the goal, and in putting the cause to the jury on the point of negligence.

Judgment reversed, and a *venire de novo* awarded.